# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00631-CV

---

**City of Magnolia, Appellant**

**v.**

**Magnolia Bible Church; Magnolia's First Baptist Church; Believers Fellowship; and
Ken Paxton, Attorney General of Texas, Appellees**

---

**FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-18-006882, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING**

---

## DISSENTING OPINION

For the reasons that follow, I respectfully dissent from the Court's opinion affirming the district court's order granting a new trial.

The dispute in this case involves the interplay between the provisions of the Expedited Declaratory Judgment Act (EDJA), the Texas Rules of Civil Procedure, and the rights of individuals asserting an interest in the subject matter of a suit under the EDJA. The EDJA was enacted to provide "a method of quickly and efficiently adjudicating the validity of public securities and acts affecting those public securities." *Guadalupe-Blanco River Auth. v. Texas Attorney Gen.*, No. 03-14-00393-CV, 2015 WL 868871, at *4 (Tex. App.—Austin Feb. 26, 2015, pet. denied) (mem. op.) (quoting *Hotze v. City of Houston*, 339 S.W.3d 809, 814 (Tex. App.—Austin 2011, no pet.)); *see also Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146,

149 (Tex. 1982) (explaining that EDJA was designed to prevent "one disgruntled taxpayer" from stopping "the entire bond issue by simply filing suit"). The EDJA "allows an issuer to bring a special, expedited declaratory judgment action to validate proposed public securities or to resolve any disputes relating to public securities." *Hotze*, 339 S.W.3d at 814.

To achieve the goal of quickly and efficiently resolving disputes related to public securities, the legislature included rather unusual provisions expediting the review of EDJA determinations, limiting the ability of individuals to challenge determinations made under the EDJA, and precluding future claims that could have been but were not raised in an EDJA proceeding. *See Guadalupe-Blanco River Auth.*, 2015 WL 868871, at \*6; *Hotze*, 339 S.W.3d at 814-15. For example, section 1205.068 governs appeals of trial court rulings under the EDJA; mandates that "[a]n appeal under this section . . . takes priority over any other matter, other than writs of habeas corpus"; and directs appellate courts to "render its final order or judgment with the least possible delay." Tex. Gov't Code § 1205.068(e). Additionally, section 1205.068 explains that "[a]n order or judgment from which an appeal is not taken is final." *Id.* § 1205.068(c). Moreover, the EDJA specifies that for qualifying judgments "[t]he judgment, as to each adjudicated matter and each matter that could have been raised, is binding and conclusive against (1) the issuer; (2) the attorney general; (3) the comptroller; and (4) any party to the action, whether" they are "named and served with the notice of the proceedings" or "reside in the territory of the issuer," "own property located within the boundaries of the issuer," "are taxpayers of the issuer," or "have or claim a right, title, or interest in any property or money to be affected by a public security authorization or the issuance of the public securities." *Id.* §§ 1205.041, .151. Section 1205.151 also directs that a judgment under the EDJA "is a permanent injunction against the filing by any person of any proceeding contesting the validity

2

of," among other things, "any adjudicated matter and any matter that could have been raised in the action." *Id.* § 1205.151(c). Finally, section 1205.002 expressly states that "[t]o the extent of a conflict or inconsistency between this chapter and another law, this chapter controls." *Id.* § 1205.002(a).

After the district court validated the bonds in question under the EDJA, Magnolia Bible Church, Magnolia's First Baptist Church, and Believers Fellowship (the Churches) filed a motion for new trial in the underlying case, and the district court granted the motion. When responding to the City's appellate issues asserting that the district court erred by granting a new trial, the Churches urge that the district court's ruling was proper under Rule of Civil Procedure 329. *See* Tex. R. Civ. P. 329. However, I believe that Rule 329, by its terms, does not apply in circumstances like those present here. Although Rule 329 governs motions for new trial for cases in which service of process is accomplished through publication and authorizes a trial court to grant a motion for new trial filed "within two years after" a judgment is signed, the Rule also explains that it applies to cases in which a "*defendant* has not appeared in person or by attorney of his own selection." *See id.* (emphasis added). Even though the Churches are no doubt "interested parties" as that term is used in the EDJA, *see* Tex. Gov't Code § 1205.041, I am not convinced that the Churches qualify as defendants for the purpose of invoking Rule 329, *see* Tex. R. Civ. P. 329. Moreover, the EDJA specifies that trial courts have jurisdiction over interested parties to the same extent as if they had been "individually named and served," indicating that service by publication under the EDJA constitutes personal service. *See* Tex. Gov't Code § 1205.044. However, as set out above, Rule 329 applies when individuals do not receive personal service and, therefore, would not seem to apply in the circumstances present here. *See* Tex. R. Civ. P. 329.

3

Even if the language of Rule 329 could be read as applying here, I agree with the City of Magnolia's argument that applying Rule 329 to rulings under the EDJA is inconsistent with the legislative scheme outlined above requiring that these types of cases be resolved as expeditiously as possible, precluding challenges that could have been but were not presented during the EDJA proceeding, and directing that cases in which no appeal is taken are final. *See Cities of Conroe, Magnolia, & Splendora v. Paxton*, 559 S.W.3d 656, 664 (Tex. App.—Austin 2018) (noting "extraordinarily expedited process" created under EDJA), *rev'd in part on other grounds*, 602 S.W.3d 444 (Tex. 2020). Therefore, the EDJA by its own terms would seem to preclude applying Rule 329 in this case. *See* Tex. Gov't Code § 1205.002(a).

In their appellees' brief, the Churches also contend that regardless of whether Rule 329 applies, the district court properly ordered a new trial because their due-process rights were violated. More specifically, the Churches argue that a new trial was warranted because they were not given individual notice of the bond validation hearing even though the City was aware that they were persons "whose legally protected interests" were "directly affected by the proceedings in question" and even though the City knew their names and addresses.[1]

---

[1] As support for the proposition that service by publication was constitutionally inadequate in this case, the Churches primarily rely on the following two cases: *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and *In re E.R.*, 385 S.W.3d 552 (Tex. 2012). Although the courts in both of those cases determined that service by publication was inadequate, the circumstances in those cases differed significantly from those present here. *See Mullane*, 339 U.S. at 307-10, 320 (concluding that service by publication for beneficiaries of trusts who were known to trustee managing pooled investment account was inadequate where trust company had notified by mail known beneficiaries when first investment was made); *In re E.R.*, 385 S.W.3d at 555, 566-67, 570 (determining in termination suit that serving parent by publication violated parent's due-process rights "when the State knew the mother's identity, was in regular contact with her, and had at least one in-person meeting with her after it sued to terminate the legal rights to her children").

When confronted with a similar question pertaining to the EDJA, one court has explained that cases requiring "individual mail notice" typically "involve private rights to money and to real property" as opposed to "the public interest in the bond validation proceeding at issue" in that case. *See Jackson v. Waller Indep. Sch. Dist.*, No. H-07-3086, 2008 WL 818330, at *8 (S.D. Tex. March 24, 2008) (mem. op.); *see also Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1373 (2018) (explaining that public rights refer to matters arising between government and others subject to its authority relating to performance of constitutional functions of legislative or executive branches); *Texas Ass'n of Long Distance Tel. Cos. (TEXALTEL) v. Public Util. Comm'n*, 798 S.W.2d 875, 881-82 (Tex. App.—Austin 1990, writ denied) (explaining that rate-making power is legislative function). In light of this public versus private distinction, the court concluded that "the publication notice under section 1205.043 of the EDJA was constitutionally sufficient." *Jackson*, 2008 WL 818330, at *10; *see Oil States Energy Servs.*, 138 S. Ct. at 1373.

In light of the preceding, I would similarly conclude that service by publication did not deprive the Churches of due process. Although the Churches contend that their claims regarding the water rate pertain to their private rights to enforce their property-tax exemption, to be free from discriminatory rates, and to avoid undue burdens on their religious exercise, I am not persuaded by the framing of their issues that the dispute at issue in this case involves private, as opposed to public, rights. Because I believe that this case involves public rights, I would conclude that the notice at issue was constitutionally sufficient and, therefore, would not conclude that the underlying judgment was void and subject to attack.

For these reasons, I respectfully cannot join the opinions authored by Chief Justice Rose or Justice Triana and, accordingly, dissent from the Court's opinion affirming the district court's order granting a new trial in this case.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Filed:  December 18, 2020

6